UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                        Case No. 07-20397
                                                                                                    Hon. Sean F. Cox

NABIL N. SAAD,

    Defendant.
_____

## **ORDER**

       This matter is before the Court on victim National Tobacco Company's ("NTC") request for an order of restitution in the amount of $215,165.77, representing the investigation and legal costs incurred in bringing civil litigation against Defendant Nabil Saad. NTC's request is **DENIED**.

       On August 24, 2007, Defendant entered a plea agreement where he pled guilty to one count of trafficking in counterfeit goods in violation of 18 U.S.C. §§ 2320 and 2 (a)(b). Defendant was involved in trafficking counterfeit Zig Zag cigarette papers. Zig Zag papers are manufactured by the French corporation Bollore. A low grade of Zig Zag papers was purchased and repackaged as a higher grade brand using counterfeit containers. The counterfeit Zig Zag containers were shipped to the United States where they were sold at outlets throughout the country.

       A sentencing hearing was originally held on December 19, 2007. LeAnne Moore ("Moore") was present on behalf of one of the victims, NTC. She requested restitution from

Defendant in the amount of $215,165.77. The Court also received for the first time a sentencing memorandum from Defendant. In order to consider Defendant's sentencing memorandum and the request for restitution, the Court adjourned the sentencing until January 28, 2008. The Court also directed Moore to send the Court a brief outlining the request for restitution and the authority relied on. Defendant and the government were also allowed to respond. All three complied with the Court's request. A second hearing was held on January 28, 2008. Moore was again present. After hearing argument on the issue of restitution, the Court adjourned sentencing until February 15, 2008 in order to consider the authority presented by the parties and prepare a written opinion and order regarding whether NTC is entitled to restitution.

    **A.**    **Request**

NTC seeks restitution in the amount of $215,165.77. This figure consists of an apportionment of the investigative and legal costs incurred by NTC in civil litigation arising from Defendant's criminal conduct. NTC is not seeking restitution based on lost profits. According to Moore, NTC reached this apportionment by taking the total investigative and legal costs expended in the civil litigation and dividing that number by the number of defendants involved in the counterfeit operation.

    **B.**    **Authority**

NTC cites several cases for the proposition that investigation and attorney fees are reasonable for a victim to recover. The cases were decided under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663; and the Mandatory Victim's Restitution Act ("MVRA"), 18 U.S.C. § 3663A. In some cases, attorney fees and/or investigative costs were recoverable. See *United States v. Akbani*, 151 F.3d 774, 780 (8th Cir. 1998)("[w]e hold that there

is no blanket prohibition in the VWPA against inclusion of attorneys' fees in the calculation of a restitution amount for offenses that do not result in damage to or loss or destruction of property"); *United States v. Gordon*, 393 F.3d 1044, 1057 (9th Cir. 2004)("[g]enerally, investigation costs-including attorneys' fees-incurred by private parties as a direct and foreseeable result of the defendant's wrongful conduct may be recoverable").

However, where losses are consequential damages, they are not recoverable. "Most courts which have analyzed the meaning of 'losses directly resulting' from the offense have interpreted this language narrowly...[i]n fact, the Fourth, Fifth, Seventh, Ninth and Tenth Circuits have specifically held that restitution under the VWPA cannot include consequential damages such as attorneys' fees." *United States v. Rice*, 43 F.3d 41, 45 (3rd Cir. 1994)(citing cases). The Sixth Circuit has not directly addressed the issue. But, the Sixth Circuit has stated that "[a]ny loss for which restitution is ordered must result directly from the defendant's offense." *Ratliff v. Unites States*, 999 F.2d 1023, 1026 (6th Cir. 1993).

At the second hearing, Moore conceded that the damages NTC seeks are consequential. Further, she admitted that she does not know how much of the $215,165.77 is attributable to Defendant individually. Rather, NTC just divided up the total costs incurred in the civil suit among all of the defendants. Moore does not direct the court to any cases where costs and attorney fees from a separate civil suit, where the victim was the plaintiff,[1] were recoverable as

---

[1] Moore does direct the court to *United States v. Lotze*, 192 Fed.Appx. 598 (9th Cir. 2006), claiming that the court affirmed a restitution order that awarded the victim attorney fees incurred from a civil lawsuit arising from the defendant's criminal conduct. However, the victim was not the plaintiff seeking a civil remedy from the defendant, as is the case here. In *Lotze*, the victim was exposed to civil liability due to the defendant's conduct. Accordingly, the victim's costs in defending against the civil action were recoverable. This is not analogous to the instant case.

restitution in a criminal case.

At the initial sentencing hearing, Moore also indicated that in separate proceedings, Judge Cohn ordered restitution against other criminal defendants involved in the counterfeiting scheme. Judge Cohn did order restitution, however, the restitution awards were based on lost profits. The restitution was not for costs and attorney fees incurred in separate civil litigation, as is sought against this Defendant.

### C. Defendant's Arguments

Defendant argues that NTC's claim for costs and attorney fees is waived because it signed a release in the civil case. The civil action was brought in the U.S. District Court for the Western District of Louisiana. Defendant Saad was named as a defendant in the civil case. He submitted a copy of the complaint in the civil action. The civil case was settled and Defendant submitted a copy of the release to the Court as Exhibit A to Defendant's Sentencing Memorandum. The final judgment states the parties reached a settlement of the claims "made in this action." [Sent. Memo Exhibit A, p.1]. The judgment also states "[t]his is a final and binding judgment as to the claims and defenses by Plaintiffs as against Saad and by Saad presented in this Action, which could have been asserted in this action, or that arise from, are connected with or pertain to any claim that many [sic] have been asserted in this Action as of the date hereof." [Sent. Memo Exhibit A, p.3].

Defendant's argument that the release waives NTC's claim for restitution is without merit. In *United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001), the court ruled that "a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order for the same

4

underlying wrong." Thus, assuming without deciding, that the release covers NTC's request for restitution, it is irrelevant because the parties could not release Defendant from "the application of a criminal statute." *Id.*

### D. Conclusion

NTC is not entitled to the restitution it seeks. First, there is no authority for the proposition that when a victim pursues separate civil litigation against a defendant, arising from the defendant's criminal conduct, the costs and attorney fees incurred in that civil litigation can be recovered as restitution in the criminal case. Second, assuming that such damages are recoverable, NTC does not identify how the amount sought is based on "the specific conduct that is the basis of the offense of conviction." *Ratliff*, 999 F.2d at 1026. The amount NTC seeks is an equal share of the total cost of the civil litigation without regard to the individual defendant's role. Moreover, Defendant did not plead guilty to a conspiracy charge, so it cannot be said that he is responsible for the total costs on that basis. Lastly, determining how much of the restitution award sought by NTC is actually attributable specifically to Defendant "would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." U.S.S.G. § 5E1.1(b)(2).

For the foregoing reasons, this Court **DENIES** NTC's request for restitution in the amount of $215,165.77, representing the investigation and legal costs incurred in bringing civil litigation against Defendant Nabil Saad.

**IT IS SO ORDERED.**

<u>S/Sean F. Cox</u>
**Sean F. Cox**
**United States District Judge**

**Dated: February 13, 2008**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                           Case No. 07-20397
                                                                          Hon. Sean F. Cox

NABIL N. SAAD,

    Defendant.
_____

**PROOF OF SERVICE**

**I hereby certify that a copy of the foregoing document was served upon counsel of record and Leanne Moore on February 13, 2008, by electronic and/or ordinary mail.**

                                                **S/Jennifer Hernandez**
                                                **Case Manager**